IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ERIK GARCIA,                                            )
                                                        )
                          Plaintiff,                    )
                                                        )          CIVIL ACTION
vs.                                                     )
                                                        )          Case No. 4:24-CV-00379
IGJJ VENTURES, LLC,                                     )
                                                        )
                          Defendant.                    )

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, IGJJ VENTURES, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.       This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.       Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.       Plaintiff is disabled as defined by the ADA.

4.       Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.      Defendant, IGJJ VENTURES, LLC (hereinafter "IGJJ VENTURES, LLC"), is a Texas limited liability corporation that transacts business in the State of Texas and within this judicial district.

8.      Defendant, IGJJ VENTURES, LLC, may be properly served with process via its Registered Agent, to wit:   c/o Shukri I. Ganim, Registered Agent, 701 N. Post Oak Road, Suite B9, Houston, TX  77024.

## FACTUAL ALLEGATIONS

9.      On or about November 8, 2023, Plaintiff was a customer at "Taqueria El Sol de Mexico" a business located at 6065 Bissonnet Street, Houston, TX  77081, referenced herein as "Taqueria El Sol de Mexico".   Attached is a receipt documenting Plaintiff's purchase.  *See* Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. *See*

2

Exhibit 2

10.     Plaintiff lives only 2 miles from Taqueria El Sol de Mexico and the Property.

11.     Given the extremely close vicinity of the Property to Plaintiff's residence, Plaintiff travels by the Property on a weekly basis.

12.     Defendant, IGJJ VENTURES, LLC, is the owner or co-owner of the real property and improvements that Taqueria El Sol de Mexico is situated upon and that is the subject of this action, referenced herein as the "Property."

13.     Plaintiff's access to the business(es) located at 6065 Bissonnet Street, Houston, TX   77081, Harris County Property Appraiser's account number 0370630000008 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, IGJJ VENTURES, LLC, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

14.     Defendant, IGJJ VENTURES, LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, IGJJ VENTURES, LLC, and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

15.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon

as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer to Taqueria El Sol de Mexico, to be a new customer at Parrilla Columbiana restaurant, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

18.     Although Plaintiff did not personally encounter each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

19.     Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an inquiry in fact.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE ADA AND ADAAG**</u>

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

21.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

5

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     The Property must be, but is not, in compliance with the ADA and ADAAG.

29.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in

his capacity as a customer of the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Defendant, IGJJ VENTURES, LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendant, IGJJ VENTURES, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, IGJJ VENTURES, LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with

disabilities.

33.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

    i.   In front of Taqueria El Sol de Mexico, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

    ii.   In front of Taqueria El Sol de Mexico, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

    iii.   In front of Taqueria El Sol de Mexico, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

iv.     In front of Taqueria El Sol de Mexico, the Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This barrier to access would expose Plaintiff to increased risk of injury for if the wheelchair should fall of the side edge of the ramp, the lack of edge protection would likely cause Plaintiff to tip and incur injury.

v.      In front of Taqueria El Sol de Mexico, the ground surfaces of the access aisle serving the accessible space have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 502.4, 302 and 303 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

vi.     In front of Taqueria El Sol de Mexico, due to the placement of a permanently affixed parking stop in the access aisle, there is at least one access aisle that has a slope in excess of 1:48 and vertical rise in excess of 4 inches in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

vii.    In front of Taqueria El Sol de Mexico, due to the placement of a parking stop in the access aisle, this parking stop encourages a vehicle to park in the access aisle in violation of Section 502.3.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to leave a vehicle when parked in this accessible parking space as it increases the likelihood another

vehicle will be parked in the access aisle which would not leave enough room for Plaintiff to exit their vehicle.

viii.   At both the northeast side of the Property and the Southwest side of the Property, the public sidewalk directly abuts the building, however, due to a raised sidewalk of 4 inches with no nearby ramp (Southwest side) and slopes exceeding 1:12 coupled with numerous vertical rises exceeding ¼ inch (Northeast side) leading from the public sidewalk, the Property lacks an accessible route from the sidewalk to the accessible entrances in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize public transportation to access the public accommodations located on the Property.

ix.   In front of Unit 6055-B, there are two accessible parking spaces that are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

x.   In front of Unit 6055-B, the access aisle to the two accessible parking spaces is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

xi.   In front of Unit 6055-B, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking spaces in violation of Section

10

406.5 of the 2010 ADAAG Standards.  This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

xii.     In front of Unit 6055-B, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because steep slopes on ramp side flares could cause the wheelchair to tip over and injure Plaintiff.

xiii.    In front of Unit 6076, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

xiv.    In front of Unit 6076, the ground surfaces of the accessible space have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 502.4, 302 and 303 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property.

xv.     In front of Unit 6076, due to the lack of a nearby accessible ramp to service this accessible parking space, the Property lacks an accessible route from the accessible parking space to the accessible entrance of the Property in violation

of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

xvi.    The Property has an inadequate number of accessible parking spaces in violation of section 208.2 of the 2010 ADAAG Standards.  There are 115 marked parking spaces on the Property, which requires a minimum of 5 accessible parking spaces, but there are only 4 accessible parking spaces.  This barrier to access would make it difficult for Plaintiff to find an open and available accessible parking space.

xvii.   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**TAQUERIA EL SOL DE MEXICO RESTROOMS**

xviii.  Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front.  In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

xix.    Due to a policy of placing a trash can in the accessible route, as well as the placement of the urinal, the restroom has walking surfaces lacking a 36 (thirty-six) inch clear width in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or

any disabled individual to properly utilize the restroom facilities at the Property.

xx.    The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is not 36 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xxi.   The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar is missing. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xxii.  The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to flush the toilet as the location of the flush control on the open side is significantly easier to reach than when it is positioned on the closed side.

xxiii. Defendant has a policy of placing paper towels on the rear grab bar of the accessible toilet so that the grab bar no longer complies with the 1 1/2-inch spacing requirement set forth in Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff and other individuals with disabilities to utilize the accessible toilet safely as the grab

bars are blocked and/or impeded by the objects placed on or about the grab bars by Defendant.

xxiv.    Toilet paper dispenser in the restroom is located outside the prescribed 48" height range set forth in Section 604.9.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

34.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37.    All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

38.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, IGJJ VENTURES, LLC, has the financial resources to make the necessary modifications.  According to the Property Appraiser, the Appraised value of the Property is $2,484,159.00.

40.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

41.     Upon information and good faith belief, the Property has been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, IGJJ VENTURES, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, IGJJ VENTURES, LLC.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, IGJJ VENTURES, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, IGJJ VENTURES, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, IGJJ VENTURES, LLC, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, IGJJ VENTURES, LLC, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, IGJJ VENTURES, LLC, to (i) remove the physical barriers to access and (ii) alter the subject the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 1, 2024.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com